Good morning, Your Honor. Andrew Westover appearing for the appellant in this matter. There are essentially four issues that this court needs to review, and the first, I think, is the most important, which is if the immigration judge was required to perform a Taylor-Shepard analysis of the underlying convictions when he stated that Mr. Diaz's state convictions qualified as aggravated felonies under the Immigration Nationality Act. Judge Lewis stated there is no need for me to reach any type of modified categorical approach or any other approach. With all due respect to Judge Lewis, I believe that was absolutely wrong. He needed to look at the New York state statutes that Mr. Diaz had been convicted of to determine if they were aggravated felonies or crimes of moral turpitude, and there was no basis for determining that either one of those crimes qualified. And he did not articulate any such basis on his. In his findings, the Board of Immigration Appeals did nothing more than essentially rubber stamp his decision and say we agree with the immigration judge regarding the marijuana conviction under New York Penal Law 221.40, and in a footnote said we're not even going to look at what's essentially a statutory rape charge under New York Penal Law 130.25, subsection 2. As the board and the immigration judge failed to do any type of analysis whatsoever, the decision that Mr. Diaz was removable because he had committed a crime of moral turpitude or an aggravated felony is simply incorrect. And I believe on that basis alone, the Court should remand and allow the immigration judge to do the proper analysis. On which basis alone, I'm sorry? I'm sorry, Your Honor? On which basis alone? On the fact that he did not make any sort of Taylor or Shepard analysis. He did not analyze the New York state statutes, did not look at the facts of Mr. Diaz's conviction. He just simply stated, and I would quote his words, that over the Respondent's denial and demurrifying the conviction of a crime of moral turpitude, it is the conclusion of this Court that essentially Respondent's conviction under 130.25 of the New York State Penal Law for which he received a sentence of one year is a crime involving moral turpitude, as was the 3rd of July 2004 criminal sale of marijuana in the fourth degree. That, too, is a crime of moral turpitude punishable by over one year. Which – I'm sorry. Which page of the – I'm sorry. Yes, Your Honor. If you can tell me which – what date is the decision? Actually, yeah, I don't have the decision date, but it's in the record at page 123 through 124. And it was cited in our brief on page 28 and 29. Now, that's – let's see. You're referring – you're referring to an oral decision. Correct, Your Honor. That was the statements made by Immigration Judge Lewis at the – Okay, but we have a formal opinion, don't we? That's 2007. We have a 2008 opinion dealing with this marijuana charge. Correct, Your Honor. But it's still – at no point did either the Immigration Judge or the Board of Immigration Appeals review the elements of the statute for which he was convicted. What would they have needed to do? They would have needed to, under Taylor, take a look and see if that statute categorically is a – is a categorical match to a corresponding Federal crime to determine if it was – Well, they found it was a – that it was a drug – it was drug trafficking. Correct, Your Honor. And if they had taken the time to look at – actually look at the statute, they would have realized that it was not a drug trafficking crime. But they can look at – they can also – but we've got a – we have a plea agreement on this, right? I mean, we have a – we have a guilty plea. Correct, Your Honor. Okay. And the I.J. explored with Mr. Diaz the circumstances, not the facts. Mr. Diaz admits that he sold the – he sold the officer a bag of marijuana for $5, right? I believe it was a cigarette of marijuana, but yes. Okay. So he's reviewed all of that with him, and he cited that in his opinion. So what's the problem? Your Honor, the problem is that – the problem is there was zero analysis done whatsoever. And what more analysis did he need than to get Mr. Diaz on the stand to admit that he had sold the officer marijuana? Your Honor, I think that one of the things that would be persuasive to this court would be a decision of the New York State Court of Appeals, which said that under 221.4, the definition of sell, which they've used, goes well beyond the ordinary meaning of the term. It could be a transfer of any kind, including giving it away. Correct. But that was not the facts here, as Mr. Diaz testified. Mr. Diaz – Mr. Diaz admitted that this wasn't a case in which he simply was giving an undercover officer a marijuana cigarette. He was selling the officer, and he received money for it. I believe there was – there was a bit of a trade, yes, Your Honor. However, there's – the Second, Third, and the Fifth Circuit have all had a chance to review this law, and they've all stated unequivocally that – And that's not the operative I.J. opinion? Yes, Your Honor, it is. Where in that opinion, if that's the one I'm supposed to be looking at, does he talk about whether this conviction was an aggravated felony? I'm sorry, Your Honor. Does the judge say that? Yes, the I.J. I believe he does, Your Honor. Where? This is where he upholds – I apologize.  What's the previous? The previous to sustain the two charges. So where's the previously? What was the previously? The previous one would be in the record, which I had read previously was page 128 – I'm sorry, 123 through 124, which was the oral transcript of the proceedings in the administrative record. So that's previously with his oral statement, which he never put – made into something more than that? Your Honor, of course, in this case, there were several contingencies. There were a lot of issues. Mr. Diaz was representing himself in pro per through that time, and this case wound on over several days. And that's – and, Your Honor, if I may move – with regards to the charge that Mr. Diaz is liable under New York Penal Law 130.25, which is essentially New York statutory rape provision. But the BIA didn't rely on that, right? The BIA – If the BIA didn't rely on it, then that's not a ground on which we can affirm the BIA. We would have to send this back to the BIA and let them decide, because they didn't decide the rape claim. I agree. I think it does need to go back to the BIA or the immigration judge to have a decision made on that. Really, the only basis that we have here is the drug trafficking offense. Fair enough, Your Honor. So with regards to whether or not that drug trafficking offense is an aggravated felony, I believe that that's a case that's not been dealt with with this circuit, but the decisional law of your sister circuits would be very helpful in that case, where they've all decided, the second, the third, and the fifth have all stated on several cases which are cited in our brief that these are not crimes of moral – I'm sorry, these are not aggravated felonies. With regards to the moral turpitude question – And they said they were not crimes of – they were not aggravated felonies because why? Because it failed the categorical analysis? Correct. Okay. But what about the modified categorical analysis? Your Honor, in this case, I don't believe that that modified categorical analysis was completed. What was not completed? What did the I.J. need to do that he didn't do? The immigration judge needed to go through in more detail the – Well, it's not a question of detail. We don't put a detailed requirement on it. But as far as I can tell, in the March 7th order, when he explained why he was finding this to be a ground of removability, he relied on the documents. He didn't say anything about the colloquy. Did he? He did not state that he was – what approach he was using. Do you have a position as to whether that colloquy under our case law, if he relied on it – I mean, your first position – the first problem, I suppose, is that he didn't rely on it. If he relied on it, then what? Would that be okay? If he now relied on it, that possibly might be okay. Well, what would he have to do more than what he did? What – under Shepard, there's a very – I'm looking at page 9 of the I.J.'s March 7th decision. Yes. And he says he testified that he was arrested for having given someone marijuana. He did ultimately change his story and say that he received $5 for it. And, unfortunately, in this instance, it was an undercover police officer. Correct. What more did the I.J. have to – what other findings did he have to make? Your Honor, with all due respect to the I.J., I believe what he needed to do was look at that specific category of documents that are set forth in Shepard regarding what he is allowed to review to determine – So your ultimate position is he couldn't rely on the – on whatever admission was made. Is that your ultimate position? Correct, Your Honor. So – and has that issue been briefed here? Did the government brief it one way or another? I don't believe it has been, Your Honor. Have you looked at our – our recent decision in Pagoyan? I have, Your Honor. Okay. And Pagoyan suggests that we need to find some link between an information which may not represent the final facts to which somebody is willing to – is either going to be convicted or is going to admit to. And it looks like we've accepted admissions made before the I.J. that will sort of link the information – the facts as alleged in the information and the ultimate – and the ultimate charge. Now, why hasn't the I.J. – why isn't – why isn't what the I.J. did here sufficient under our decision in Pagoyan? Because, Your Honor, I believe that what – the piece – the critical piece that's in the New York State court was not what was brought before the judge. He simply asked Mr. Diaz, and Mr. Diaz changed the story for us. We're missing – clearly we are missing the plea colloquy. Correct. Which might have been very, very useful for us here and might have been conclusive. I agree. But in Pagoyan, we seem to accept something other than the plea colloquy. We said we had to find some link between an information which is our only – is only the preliminary – the sort of the prosecutor's theory of the case and sort of the ultimate resolution. And we were willing to accept the Petitioner's testimony before the I.J. Why isn't the Petitioner's testimony here sufficient under Pagoyan? Excuse me. I believe that the testimony that Your Honor is referring to was not conclusive and was not sufficient. What wasn't conclusive about it?  What's not sufficient? Certainly, Mr. Diaz representing himself at that point made several different statements and they were contradictory. And for that reason, I think that it was not reliable and the judge should have taken it one step further. But also, didn't – I mean, the government's position here, as I understand it, is that the Board ought to – wasn't clear about its reason for finding him convicted of aggravated felony and he should remand to the Board. So you're basically both taking the same position about that. To a degree, Your Honor, yes. I do believe that the case needs to be remanded to the Board. I believe that there needs to be specific direction to the Board as to whether or not these crimes under New York penal law – Or categorically. Or whether or not they are aggravated felonies. What about your – the government's other argument that in the end, the crime of – the aggravated felony issue is only of marginal relevance here because there were other findings that were sufficient for a movability, namely, the crime of a father moral trepidation. And for denial of relief, there were other bases as well. So the only thing that they are arguing really matters – the only reason the aggravated felony really matters is as to lifetime preclusion. That's correct, Your Honor. That's correct? They're right about that? In other words, that the aggravated felony doesn't – only matters for that purpose and not for movability?  I'm sorry, Your Honor. That is correct. That is what the government argued. Okay. And what's wrong with it is? What our position is, is that the decision of the immigration judge, finding that these were aggravated felonies and crimes of moral trepidation, are issues that when this goes back down to the BIA and hopefully to the immigration judge, there needs to be a clear decision as to whether or not these crimes under New York – are either aggravated felonies or crimes involving moral trepidation. I would submit that they are not in – as I say, I only have a minute and a half left. I'd like to reserve that for a moment. Well, the I.J. said they were. The BIA maybe didn't say anything about the crime of moral trepidation. Did the I.J. say it was a crime of moral trepidation? The I.J. just said we agree with his decision that it was an aggravated felony, and we're not going to talk about the rest. So they – Did the I.J. decide whether it was a crime of moral trepidation? The I.J. did. I see. Okay. He did. Thank you very much. Thank you, Your Honor. Good morning. May it please the Court. Kelly Walls for the Respondent, the Attorney General. Based on Mr. Diaz's three convictions, for sale, attempted possession of marijuana, and possession of marijuana, he is unquestionably removable as an alien convicted of possession of a controlled substance, and he does not challenge this finding, nor does he challenge the denial of asylum, withholding of removal, or protection under the Convention Against Torture. Therefore, the only – Well, he can only challenge what the BIA decided, and the BIA decided that he – it was the conviction for the criminal sale of marijuana in the fourth degree in violation of 221.4 that's an aggravated felony and that renders him removable, and that it's a particularly serious crime and renders him ineligible for asylum and withholding of removal, and that's all it decided, right? The rest of it's irrelevant at this point. Indeed, Your Honor, but the immigration judge did find that he – But it doesn't matter because the BIA – Mr. Diaz failed to exhaust that finding. Thus, the Board was not required to reach that finding, but the immigration judge's decision stands. They don't have to address – But the BIA could have found that he waived the argument, and for that reason then was – was – was deportable, but they didn't. Well, they didn't – They can find it. They can find – in other words, they could have said, look, we don't even have to decide the question of whether the marijuana conviction is an aggravated felony because you waived all the other grounds, which are independent grounds found by the IJ. But that's the enforcement of the – that's the BIA's responsibility to enforce its waiver rules, and it didn't do it. I respectfully disagree with it. They needed to address the aggravated felony because of the far-reaching implication that aggravated felony finding has. But they said it was the reason – I'm sorry. But they did say that that was what renders him removable. In addition to other charges that they – They didn't say in addition. I really think that you want to argue the merits of the aggravated felony because they just – they did not decide that, and we can't review it on that basis. Okay. We did ask that the – the board's decision be remanded back in order for the board to clarify the basis of its decision, because there are two ways in which an aggravated – a conviction for a controlled substances violation can constitute an aggravated felony, and from the record, both the transcript before the IJ, his oral decision, and the board's decision, it's unclear which of those two bases they relied on. However – Sorry. The two – and the two bases are what? Under Lopez, it can either be a controlled – I'm sorry. It can either be a felony under Federal law or have an element of trafficking. Because the Court would review this issue de novo if it decides to reach it, our position is that it qualifies under both those grounds. Did the IJ describe which of those prongs or both that he was proceeding under? Unfortunately, no, and that's why – he simply restates the statute, which the statute itself can be satisfied by those two grounds. As the Supreme Court explained in Lopez – So you think – you think this has to go back to the BIA in any event? If – if the Court wishes to remand it, it could, because under Chenery, the Court's review is based on the reasoning of the agency. Well, is there – are there – are there – do you have any basis on – on which you think that the BIA's decision can be upheld? I do. And as I explained in my brief, this – there – there's two ways. One's the trafficking element. The other's punishable as a felony under Federal law. Although trafficking is not defined in the Immigration and Nationality Act, the Supreme Court in Lopez says it involves some sort of dealing – commercial dealing. The New York Penal Law section 221.40 criminalizes – You're asking us now to make the finding that the BIA didn't make. Well, they found that it was an aggravated felony, and so we know that it – they either found it was a trafficking element or that it was punishable under Federal law. The I – the IJ uses the word drug trafficking offense on page 16 of his opinion. He does. And so then that would – Is that sufficient? The drug trafficking would indicate perhaps that he went with the hypothetical Federal felony approach. However, that also is shorthand for the controlled substances aggravated felony. So the – unfortunately, the decision is just not very clear which grounds. Do you think we really do have to send this back to the Board, then, to – for clarification? Alternatively, this Court would review the issue de novo, and because both ways of satisfying the definition are met. The government really isn't inviting this Court to decide questions de novo from the BIA, are you? No, that's why we asked – that's why we asked – we moved to remand. That was denied, and we requested remand again in our brief. So I'm just suggesting that if the Court would – But we thought that either way, it wasn't categorically a CIMT, although it might be on a modified categorical approach. Wouldn't it make sense to say that much? I was going to help us to get anything from the Board. No, that's correct. And my basis that I would present if you wish to determine the issue de novo is under the modified categorical approach, because the – Well, that we certainly can't do. I mean, maybe if it was a purely legal question. But if it's not a purely legal question, how can we do that? This Court has engaged in considering whether or not, under the modified categorical approach, a crime is an aggravated felony after the de novo review. The question of whether a conviction – You know, I do think that your – the Justice Department ought to decide whether it really means Ventura or doesn't mean it. I mean, you can't just use it sometimes and not other times. I'm not actually arguing Ventura. It's more Chenery. You're arguing the opposite. Chenery requires that – I understand, but you're asking us now to de novo decide something that's fact-based and that definitely wasn't decided. No, actually, I'm not asking you to. I asked for remand twice now. I just – Because we could. I've been around enough to know that sometimes the Court chooses to do this. And so if you are inclined to consider the question de novo, I would like a chance to present our arguments as to why it satisfies the definition of an aggravated felony. But – I mean, that's a little peculiar, because, I mean, you had every opportunity and it stopped you. And I did in the brief.  It's unclear which of those two ways they did, and so remand – And which way do you – does the government think is the easier path? Both are going to require a consideration of the modified – of the conviction documents under the modified categorical approach. But neither are very different – difficult ways to reach the decision. Under the modified categorical approach to establish a trafficking element, all that's required is to consider the information in conjunction with the certificate of disposition, because the information states that Mr. Diaz was handed a sum of U.S. currency in exchange for marijuana. That's an element of commercial dealing, therefore trafficking, and meets the definition of a drug-controlled substances aggravated felony containing illicit trafficking. As a felony under the controlled substances law, both New York and the controlled – Federal Controlled Substances Act punish the possession with intent to distribute or the distribution of marijuana. It's punishable under Federal law for not more than five years where the amount of marijuana is less than 50 kilograms. And again, the criminal information establishes that he was handed a sum of money, so it does not satisfy the definition. Is the information alone sufficient? The information in conjunction with the disposition is sufficient, because we have to know the conviction existed. Well, we don't have any colloquy, so we don't really know – we don't really know whether he's admitting all of the – everything that's in the information. I believe it actually references – I'm sorry, the actual counts. And so if you link the counts that was charged in the information. Can we consider his actual testimony before the IJ or not? In this – in the Court's recent decision that you just cited to, yes. There aren't the earlier decisions otherwise. Well, actually, earlier there was some question, I think, about the – if you could accept a pro se to – Our law, a bit of a mess on this question. Well, I – On the admission question. I would say in light of the recent case that's been clarified, I know that the admission can be used to tie the criminal information and the certificate of disposition together. Isn't the question in – what's the name of the case? Paggion? Well, anyway. Yes, that one. I can't pronounce it. Isn't – wasn't the question there whether the conviction happened, not what it was about? I think that was part of it, but it also tied together the facts set forth in the information to the actual conviction. I thought what the admission was being used for was that he was, in fact, convicted of X. Nothing more than that. I think it could be read a little bit more broadly to tie the two documents together, because of the way that the – if I'm remembering correctly, the way that the facts of that case play out is it's very similar in that there's a charge in an information or complaint, and then there's a judgment, and you need to link the two together, which they did with his admissions, that, yes, in fact, this was the crime that I was convicted of. The crime alleged in the conviction – or, I'm sorry, in the complaint is the actual conviction. But, again, we have asked for remand. If the Court wishes to consider the issue de novo, we suggest that under either possible theory, it is an aggravated felony. And, again, as this Court pointed out, just to address the sexual abuse of a minor charge, the Board did not reach that. And if the Court were to reverse on the controlled substances aggravated felony, we would ask that it be remanded for the Board to consider that issue as well. Thank you. While you're done, you have time. If you have no further questions, we would ask that the Court either remand the case or deny the petition. Thank you very much. Thank you. It seems we have a rare bit of agreement here. Why don't we just do what you both want us to do? Your Honor, I think that we agree that the case needs to be remanded. I think there's a little bit of a disagreement as to how it should be remanded or what needs to happen once that occurs. You can argue that when you get there. I'm sorry? You can deal with that when you get there. Fair enough, Your Honor. And I guess my issue is not having to come back here again after the Board decides whatever they decide, and we take another few years and come back and see this honorable Court. The issue really is whether or not his underlying convictions were aggravated felonies or crimes involving moral turpitude. And I believe that's the question that needs to be answered by this Court applying Federal law and giving instructions to the BIA. You certainly can't decide the moral turpitude question because the Board never decided it. Well, I believe that what the Board did was simply fail to even discuss the issue. They decided they didn't want to deal with that issue. Therefore, we can't either. So the only thing we've got is this. We have the aggravated felony and we may have the particular serious crime, and that's what we've got. That's fine, Your Honor. I believe that as my time is running out, the issue is that the Board and the immigration judge are going to need to take a new look at this, and I would be requesting a remand with instructions as to whether or not Mr. Diaz's charge under New York Penal Law 221.40 is an aggravated felony or a crime of moral turpitude. Thank you. Thank you. The case of Diaz v. Holder is submitted.
judges: Whelan, Berzon, Bybee